# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>　　　　　　　　　　　Petitioner,<br><br>　vs.<br><br>JOHN DOVEY,<br><br>　　　　　　　　　　　Respondent. | Civil No.　07-1959 L (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis. Petitioner challenges prison disciplinary findings made in 1994 and 1995.

## REQUEST TO PROCEED IN FORMA PAUPERIS

According to his trust account statement, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the

respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named " John Dovey," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, the Petition must be dismissed.

### PETITION IS DUPLICATIVE

Furthermore, the Petition appears to be duplicative of a petition filed on August 21, 2003 in the Central District of California, Western Division in Civil Case number 03-9358 CBM (AJW). As he does here, in his petition filed in the Central District, Petitioner challenged disciplinary findings which were made in 1994 and 1995. The court ultimately dismissed that

petition with prejudice on March 10, 2004.  See Washington v. Garcia, 03cv9358, Order filed Mar. 10, 2004 [doc. no. 23].  Petitioner appealed the dismissal to the Ninth Circuit Court of Appeals.  His appeal was dismissed as lacking merit.  See In re Washington, No. 98-80627, Order filed June 24, 2004.

The Court may dismiss a duplicative petition as frivolous if it "merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations omitted).  Thus, the current petition is subject to dismissal as duplicative.

## CONCLUSION

Accordingly, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** the petition without prejudice as duplicative and for failure to name a proper respondent.

**IT IS SO ORDERED.**

DATED: November 29, 2007

M. James Lorenz
United States District Court Judge